**FILED**
                                                **United States Court of Appeals**
                                                        **Tenth Circuit**

                                                    **December 17, 2008**

UNITED STATES COURT OF APPEALS **Elisabeth A. Shumaker**
                                                        **Clerk of Court**
FOR THE TENTH CIRCUIT

---

EDDIE MENDIA,

      Plaintiff-Appellant,

v.                                                  No. 08-3112
                                                (D.C. No. 6:06-CV-01212-JTM)
HAWKER BEECHCRAFT                                        (D. Kan.)
CORPORATION,

      Defendant-Appellee.

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

---

Pro se plaintiff Eddie Mendia sued his former employer, Hawker

Beechcraft Corporation, after Hawker terminated his employment. He alleged

claims pursuant to Title VII of the Civil Rights Act (Title VII),

42 U.S.C. § 2000e-2; the Age Discrimination in Employment Act (ADEA),

29 U.S.C. § 623; and the Americans with Disabilities Act (ADA), 42 U.S.C.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 12112. He also asserted an intentional infliction of emotional distress claim. The district court granted summary judgment in favor of Hawker on all claims. Mr. Mendia appeals.

## Background

The district court provided a thorough summary of the facts, and we need not restate them in detail here. Aplee. Supp. App., Vol. III at 686-89. Suffice it to say that Mr. Mendia, who is of Mexican ancestry, worked for Hawker from 1987 until May 11, 2005, when he was terminated for violating its attendance policy. At the time of his termination he was fifty-seven years old. *Id.*, Vol. I at 12. He claims he was rendered disabled as a result of being struck by lightening in 1995, which allegedly causes him to suffer confusion and memory loss. He also claims he was further disabled by a 2004 car accident in which he suffered a neck injury.

After Hawker terminated his employment, Mr. Mendia filed a complaint with the Kansas Human Rights Commission and a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). This federal case followed.

Under Title VII, the ADEA, and the ADA, Mr. Mendia was required to file a timely administrative charge within 300 days of any alleged discriminatory action. *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006). He filed his EEOC charge on November 7, 2005. Aplee. Supp. App., Vol. I

at 286.  Therefore, the discriminatory actions on which he bases his claims must have occurred on or after January 11, 2005.  *See Haynes*, 456 F.3d at 1222.  But many of the alleged actions took place long *before* January 11, 2005.  *See, e.g.*, Aplee. Supp. App., Vol. III at 690, 693, 701.  Accordingly, the district court held that Hawker was entitled to summary judgment on "portion[s]" of Mr. Mendia's Title VII, ADEA, and ADA claims (*i.e.*, those claims filed out-of-time).  *Id.* at 690.  Notwithstanding, and acknowledging Mr. Mendia's pro se status, the court proceeded to address the merits of all alleged discriminatory actions:  those that took place before and after January 11, 2005.

Turning first to his age discrimination claim, which arose from several "age-based comments," *id.* at 693, the district court found it unlikely that Mr. Mendia could make out a prima facie case.  But, even if he could, Hawker had "offered a legitimate, nondiscriminatory reason for its employment decision, namely that [Mr. Mendia] failed to comply with [Hawker's] clearly stated attendance policy."  *Id.* at 692.  And, since "there [was] absolutely nothing in the record to indicate that [Mr.] Mendia was terminated due to his age[,]" *id.*, the district court concluded that he could not meet his burden of demonstrating Hawker's reason for terminating him was pretextual.  Accordingly, the court held his age discrimination claim could not survive summary judgment.

The district court next found that Mr. Mendia could make out a prima facie case of race discrimination because "he was seemingly qualified for his position,

was discharged, and replaced." *Id.* at 695. Hawker countered with the same legitimate, nondiscriminatory reason for its employment decision. And, Mr. Mendia again failed to demonstrate pretext. He was unable to show "that any other employee was treated more leniently under the attendance policy" and he failed to offer any "evidence [of] pretext, other than vague references to differing treatment given to non-minorities." *Id.* The district court therefore concluded that his race discrimination claim could not survive summary judgment either. It went on to note that although Mr. Mendia asserted a claim for racial harassment (based on seemingly benign statements he overheard, like, "'Eddie plays the system,'" *id.* at 696), his EEOC charge was totally devoid of any such claim and even if he had exhausted it, Hawker would still be entitled to summary judgment on the merits of his racial harassment claim.

Turning to Mr. Mendia's alleged disability, the district court concluded that he was unable "to establish the first prong of his prima facie case, that he is a disabled person under the ADA." *Id.* at 701; *see* 42 U.S.C. § 12102(2) (defining disability). In so holding the court observed that by Mr. Mendia's "own admission, he was able to overcome the memory problems associated with his alleged lightning strike by taking notes," and that even if it were to find that he could demonstrate a physical or mental impairment, he still could not "prove that the impairment substantially limits a major life activity." *Id.* at 700. The court further noted that although Mr. Mendia "seemingly asserts" a claim for disability

-4-

harassment (based on colleagues calling him "'Lightning'" in 1995 and 2004), he "failed to properly exhaust his administrative remedies," and even if he had exhausted his remedies, the claim must fail because there was "no severe and pervasive intimidation, ridicule or insult directed toward [Mr.] Mendia." *Id.* at 701.

Finally, the district court considered and rejected Mr. Mendia's common law claim for intentional infliction of emotional distress. In so doing, it observed that by Mr. Mendia's "own admission, the meeting at which his termination occurred was 'straight cordial, and formal.'" *Id.* at 702.

**Discussion**

Our jurisdiction arises under 28 U.S.C. § 1291. "We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Id.*

Liberally construing Mr. Mendia's pro se appellate brief, *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), he contends (1) the district court abused its discretion by failing to consider his request for appointment of counsel; (2) default judgment should be entered in his favor because Hawker "lied as to a critical genuine material fact[,] i.e. VACATION Request," Aplt. Opening Br. at 2;

and (3) the district court erred in finding portions of his Title VII, ADEA, and ADA claims untimely. We disagree.

Appointment of counsel was not an issue in the parties' summary judgment briefing. Rather, Mr. Mendia filed a motion for appointment of counsel shortly after he filed his federal complaint. A magistrate judge denied the request without prejudice, Aplee. Supp. App., Vol. I at 2 (docket entry no. 5), and Mr. Mendia never filed an objection or otherwise--as far as we can tell--renewed his request for counsel in the district court. *Id.* at 2-9 (balance of docket). Mr. Mendia's request for default judgment on account of Hawker's alleged "lie" is likewise unavailing. Indeed, the district court implicitly addressed this issue, noting that it had "[e]xcluded . . . allegations of fact which are not supported by the cited evidence, which are grounded on hearsay or other inadmissible evidence, or which reflect an unexplained and unjustified contradiction of earlier deposition testimony." *Id.*, Vol. III at 686. Lastly, the district court did not err in finding portions of Mr. Mendia's Title VII, ADEA, and ADA claims untimely. Having reviewed the briefs, the record, and the applicable law in light of the above-mentioned standard, we conclude that Mr. Mendia has raised no reversible error in this case.

-6-

We therefore AFFIRM the judgment of the district court for substantially the same reasons as stated in its order dated January 17, 2008.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge